IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

MICHAEL DECELLES,

Petitioner,

vs.

MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 17-49-GF-BMM-JTJ

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Petitioner Michael DeCelles's application for writ of habeas corpus under 28 U.S.C. § 2254. DeCelles's petition was filed on June 2, 2017. See, (Doc. 1 at 8); *Houston v. Lack*, 487 U.S. 266, 267 (1988). DeCelles is a state prisoner proceeding pro se.

## I.  Procedural History

DeCelles challenges convictions out of Montana's Eighth Judicial District Court, Cascade County, on July 16, 2001. In exchange for the dismissal of three counts of attempted deliberate homicide and misdemeanor possession of a sawed-off firearm, DeCelles pled guilty to three counts of felony criminal endangerment.

1

See, *DeCelles v. Kirkegard*, OP 17-0210, Or. at 1 (Mont. April 18, 2017).[1]

DeCelles was sentenced to three consecutive ten year terms with the Montana Department of Corrections (DOC) for each count with five years suspended on each. *Id.* DeCelles also received a separate consecutive fiver-year DOC commitment for using a firearm during the commission of the crimes. *Id.* Written judgment was entered on October 9, 2001. (Doc. 1 at 2).

DeCelles did not file a direct appeal or seek collateral review. (Doc. 1 at 3-4). DeCelles did file a petition for habeas relief in the Montana Supreme Court,[2] but it was not filed until April of 2017. There, he argued the sentencing enhancement imposed upon him by the trial court was illegal and violative of his right to due process and to be free of double jeopardy. DeCelles was denied relief on April 18, 2017. *DeCelles v. Kirkegard*, OP 17-0210 (Mont. April 18, 2017).

## II. Claims

DeCelles claims that a due process violation occurred when he was convicted for use of a weapon without being able to challenge the charge or have the weapon question submitted to a jury to be proven beyond a reasonable doubt. (Doc. 1 at 4, ¶13(A). DeCelles also claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated, and the rule of *Apprendi v. New Jersey*, 530 U.S.

---

[1] All state court briefs and opinions are available at: https://supremecourtdocket.mt.gov/search (accessed July 12, 2017).

[2] In an earlier order, this Court inadvertently referred to this document as a petition for postconviction relief. See, (Doc. 4 at 2). It was, in fact, a state habeas petition.

2

466 (2000) was violated, when he was sentenced for use of a weapon without having the opportunity to enter a plea to the charge or to have the charge proven beyond a reasonable doubt. *Id.* at 5, ¶13(B).

### III. Analysis

DeCelles's petition is untimely. DeCelles was provided the opportunity to establish he was entitled to either statutory or equitable tolling. Because he has not been able to do so, the federal statute of limitations applies and his petition should be dismissed with prejudice as time-barred.

#### A. Federal Statute of Limitations

##### i. Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act ("the AEDPA") a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See,* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), DeCelles's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). DeCelles did not file a timely notice of appeal. Accordingly, his conviction became final, and the one-year period began to run, upon the expiration of the sixty-day time period allowed for filing a direct appeal. See, M. R. App. Pro. 4(5)(b)(i). Thus, DeCelles's conviction became final on Monday, December

10, 2001.[3]

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). But DeCelles did not seek postconviction relief or collateral review, accordingly he is ineligible for statutory tolling under this provision.[4] To the extent that DeCelles attempts to argue the start of the limitation period should be delayed because his recent discovery of the *Apprendi* decision either constitutes a newly-recognized constitutional right or a late discovery of the factual predicate of his claim, see 28 U.S.C. § 2244(d)(1)(B)-(D), such arguments are likewise unavailing. See e.g., (Doc. 5 at 2, ¶2). *Apprendi* was issued on June 26, 2000; more than a year prior to DeCelles's sentencing. Therefore, the late discovery of this decision does not constitute a basis for relief from the limitations period.

DeCelles should have filed his federal petition on or before Tuesday, December 10, 2002. But, DeCelles's federal habeas petition was not filed until June 2, 2017, more than fourteen and a half years after the federal filing period had elapsed. Accordingly, absent equitable tolling the petition is untimely.

---

[3] Sixty days from the entry of judgment on October 9, 2001, is actually Saturday, December 8, 2001. DeCelles is given the benefit of the extra two days.

[4] Although DeCelles did file a petition for habeas relief in the Montana Supreme Court, it was not filed until April 10, 2017, well after the federal filing date had passed and could not, therefore, reinitiate the limitation period. See, *Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003)(holding that §2244(d) does not permit the reinitiation of the limitations period that has ended before a state petition was filed). Thus, it does not affect the Court's statutory analysis.

4

### ii. Equitable Tolling

AEDPA's one-year limitations period is subject to equitable tolling if the petitioner is able to show: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way and prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F. 3d 952, 959 (9th Cir. 2010). This threshold is a very high one, "lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002).

As grounds for equitable tolling, DeCelles explains that he was a juvenile at the time of his sentencing and uneducated in law. (Doc. 5 at 1-2, ¶1). DeCelles also states that he lost contact with this public defender post-sentencing and, believing the judgment to be final, he simply began serving his sentence. *Id.* at ¶3. While the Court understands the position DeCelles advances, it is insufficient to support a finding that DeCelles has been pursuing his rights diligently when his petition was filed over fourteen years too late. Equitable tolling can only apply where an external force, rather than petitioner's lack of diligence, accounts for the failure to timely file a petition. See, *Guillory v. Roe*, 329 F. 3d 1015, 1018 (9th Cir. 2003). The explanations offered by DeCelles do not constitute the requisite

extraordinary circumstances that would have prevented him from filing on time.

DeCelles's youth, lack of legal training, and lack of legal assistance do not amount to extraordinary circumstances that would toll the limitations period. See, e.g., *Raspberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *Fisher v. Johnson*, 174 F. 3d 710, 714 (5ht Cir. 1999)(ignorance of the limitation period did not warrant equitable tolling). DeCelles's youth and general ignorance of the law do not set him apart from the vast majority of inmates attempting to pursue federal habeas corpus relief. These alleged circumstances, arising out of DeCelles's pro se status and need for assistance, do not entitled him to any period of equitable tolling.

Likewise, even if this Court were to construe DeCelles's statement that he lost contact with his attorney as a claim of ineffective assistance and/or attorney abandonment, based on what DeCelles has presented in his petition, this would constitute, at most, ordinary negligence. Equitable tolling is not available due to an attorney's ordinary negligence. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling may be available only if counsel's "conduct was so deficient as to distinguish it from the merely negligent performance of counsel." *Spitsyn v. Moore*, 345 F. 3d 796, 801 (9th Cir. 2003). Accordingly, DeCelles's allegation

relative to his trial counsel does not entitle him to any period of equitable tolling.

### B. Merits of DeCelles's Claim

Even if DeCelles's petition was not subject to dismissal for untimeliness, DeCelles would likely not be entitled to federal habeas relief by virtue of his guilty plea. Generally, a habeas petitioner who has pled guilty can challenge only the voluntary and intelligent nature of the plea by showing the advice he received from counsel was constitutionally defective. *United States v. Broce*, 488 U.S. 563, 569 (1988); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *McMann v. Richardson*, 397 U.S. 759, 771 (1970). DeCelles has not alleged that he is challenging the validity of his plea based on the effectiveness of his counsel.

To the extent that DeCelles argues his sentencing was in error based upon state law, see (Doc. 1-1), he is not entitled to federal habeas relief. Matters of state sentencing law are not cognizable in federal habeas. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Brown v. Mayle*, 283 F. 3d 1019, 1040 (9th Cir. 2002); *Sturm v. California Adult Authority*, 395 F. 2d 446, 448 (9th Cir. 1967).

### IV. Conclusion

As set forth above, DeCelles's one-year limitation period expired on December 10, 2002. Because he has failed to establish he is entitled to equitable or statutory tolling, the instant petition filed on June 2, 2017, is untimely.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Even if the *Apprendi* claim advanced by DeCelles made a substantial showing that he was deprived of a constitutional right; the petition is time-barred by over a fourteen years and no reasonable jurist would find his claim timely. Thus, there is no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. DeCelles may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. DeCelles must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of September, 2017.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since DeCelles is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

9