# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL DECELLES,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Defendants. | CV-17-49-GF-BMM-JTJ<br><br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Petitioner Michael DeCelles applied for writ of habeas corpus under 28 U.S.C. § 2254 on June 2, 2017. (Doc. 1 at 8.) United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter on September 6, 2017. (Doc. 6.) Judge Johnston recommended that the Court dismiss Decelles's petition with prejudice as time-barred without excuse. *Id.* at 10.

No party has filed objections. The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

1

## I. BACKGROUND

DeCelles challenges convictions for criminal endangerment and the use of a weapon in Montana's Eighth Judicial District Court, Cascade County, on July 16, 2001. (Doc. 6 at 1.) He was sentenced to 10 years of custody with five years suspended on each of three counts of Criminal Endangerment. (Doc. 1 at 3.) He was sentenced additionally to a five-year consecutive sentence for the use of a weapon. (Doc. 1 at 3.)

DeCelles neither filed a direct appeal nor sought collateral review. (Doc. 1 at 3-4.) He did file a petition for habeas relief in the Montana Supreme Court on April 10, 2017. His petition was denied on April 18, 2017. (Doc. 1 at 6.); *DeCelles v. Kirkegard*, OP 17-0210 (Mont. April 18, 2017).

DeCelles alleges that his Fifth, Sixth, and Fourteenth Amendment Rights were violated. (Doc. 1 at 5.) He specifically claims that the trial court erred in convicting him, and sentencing him, for use of a weapon without submitting the question to the jury and requiring proof beyond a reasonable doubt in violation of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II. DISCUSSION

Judge Johnston recommends that the Court dismiss Decelles's petition with prejudice as untimely without excuse.

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. Judge Johnston found that Decelles's sentence became final on December 10, 2001, the date that his right to direct appeal expired. (Doc. 6 at 3.) Judge Johnston also found that DeCelles did not file his federal habeas petition for more than fourteen years after his sentence was finalized. *Id.*

The Court agrees with and adopts Judge Johnston's analysis and determination that statutory tolling does not bring Decelles's claim within the one-year limitation. (Doc. 6 at 4.) The Court further agrees with and adopts Judge Johnston's analysis and determination that DeCelles has failed to show he is entitled to equitable tolling. (Doc. 6 at 5-7.) Decelles's petition is untimely.

Finally, the Court agrees with Judge Johnston's assessment that Decelles's claim lacks merit due to his guilty plea and to the extent that his claims are based on state law. (Doc. 6 at 7.) Even if Decelles's petition were timely, he would not be entitled to relief.

### III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 6) is **ADOPTED IN FULL**. Decelles's petition is **DISMISSED WITH PREJUDICE** as time-barred without excuse.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 10th day of October, 2017.

Brian Morris
United States District Court Judge